UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEANGELO T. MONCRIEF,

Plaintiff,

v.

UNKNOWN ROMERI,

Defendant.

Case No. 2:26-cv-88

Honorable Jane M. Beckering

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff has also filed a motion to file an amended complaint, which the Court will grant (ECF No. 6). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint, as amended, for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains, however, occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Corrections Officer Romeri in his official and individual capacities.

Plaintiff alleges that, on October 21, 2025, Plaintiff was in the control center turning in a body camera request form when Defendant Romeri accused Plaintiff of filling out the form incorrectly. (Compl., ECF No. 1, PageID.2.) Defendant Romeri asked Plaintiff how long Plaintiff had been at KCF, but Plaintiff twice replied only "long enough," and walked back to his housing unit. (*Id.*)

After Plaintiff had returned to his housing unit, a non-party officer summoned Plaintiff back to the control center at the direction of Defendant Romeri. (*Id.*, PageID.3.) Plaintiff waited on a bench in the control center from 8:07 a.m. until 10:08 a.m. without any information from Defendant Romeri as to why he was there. (*Id.*) At 10:08 a.m., Defendant Romeri asked Plaintiff how long Plaintiff had been waiting and, before Plaintiff could answer, Defendant Romeri responded, "Long enough." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendant Romeri violated Plaintiff's First and Fourteenth Amendment rights and seeks monetary relief. (*Id.*, PageID.4; ECF No. 6-1, PageID.28.)

## II. Motion for Leave to File an Amended Complaint

On May 19, 2026, Plaintiff filed a motion for leave to file an amended complaint, seeking to change the amount of compensatory damages requested from $17,500.00 to $37,500.00. (ECF No. 6.)

Federal Rule of Civil Procedure 15(a)(1) and (2), governing the amendment of pleadings, provides:

> (1) [a] party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1), (2). Although an amended pleading typically supersedes the original pleading, if the party submitting the amendment clearly intended the latter pleading to supplement, rather than supersede, the original pleading, the two can be read together. *Clark v. Johnston*, 413 F. App'x 804, 811–12 (6th Cir. 2011).

Here, in deference to Petitioner's *pro se* status and in the interest of justice, the Court will grant Plaintiff's motion for leave to file an amended complaint (ECF No. 6) and consider the proposed amended relief requested (ECF No. 6-1) together with the original complaint (ECF No. 1) as the operative pleading in this case.

## III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. First Amendment Retaliation Claim**

Here, Plaintiff alleges that Defendant Romeri retaliated against him in violation of his First Amendment rights. (Compl., ECF No. 1, PageID.4.) Retaliation based upon a prisoner's exercise

of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Even assuming without deciding that Plaintiff engaged in protected activity when he submitted a body camera request form and made his "long enough" comments, the Court finds that Plaintiff fails to state a First Amendment claim.

Retaliation against a prisoner is actionable only if it is truly "adverse," meaning that it is capable of deterring a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 398. In *Thaddeus-X*, the Sixth Circuit emphasized that "certain threats or deprivations are so de minimis," "inconsequential," or "trivial" that they do not rise to the level of a constitutional deprivation. *Id.*

Here, Plaintiff alleges that, on a single occasion, he was required to wait on a bench for two hours in the control center. This isolated incident may have been inconvenient and perhaps even uncomfortable, but it is not the type of incident that would deter a person of ordinary firmness from pursuing his body camera request. Therefore, the Court will dismiss Plaintiff's First Amendment retaliation claim for failure to state a claim.

**B. Fourteenth Amendment Claim**

In his amended relief requested, Plaintiff also states that Defendant Romeri's actions violated his Fourteenth Amendment rights. (ECF No. 6-1, PageID.28.) Plaintiff does not elaborate as to the nature of his Fourteenth Amendment claim.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment due process claim, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Here, Plaintiff does not allege that he was deprived of any protected liberty or property interest in connection with being forced to wait on a bench for two hours.

The Supreme Court, in *Sandin v. Conner*, 515 U.S. 472 (1995), counsels that a restraint on the relative freedom of a prisoner will not implicate the liberty protected by the Due Process Clause unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In assessing the seriousness of Plaintiff's allegations, the Court is guided by precedent related to the most significant restraint: segregation. The Supreme Court has held that even placement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt*, 459 U.S. at 468. Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in administrative segregation

for two months does not require the protections of due process. *See Joseph*, 410 F. App'x at 868 (61 days in segregation is not atypical and significant). It has also held, in specific circumstances, that confinement in segregation for a much longer period does not implicate a liberty interest. *See, e.g.*, *Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998) (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding).

Where stays lasting months in segregation, the most restrictive form of sanction, have not been deemed to impose an atypical or significant hardship, *see Joseph*, 410 F. App'x at 868, a two-hour stay on a bench cannot reasonably be characterized as imposing such a hardship. Therefore, the Court will dismiss Plaintiff's Fourteenth Amendment claim.

## **Conclusion**

The Court will grant Plaintiff's motion for leave to file an amended complaint. (ECF No. 6.) Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

An Order and Judgment consistent with this Opinion will be entered.

Dated: October 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge